[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff appeals from a decision by the Board of Tax Review of the City of Hartford, dated April 27, 1990, which denied an appeal of action taken by city assessors setting the full fair market value of 851-853 Wethersfield Ave., as of Oct. 1, 1989, at $1,009,300.00.
At the beginning of trial, the parties stipulated that the Court's decision in this case will apply to the tax lists of Oct. 1, 1989, 1990, 1991, 1992 and 1993, assuming there have been no substantial physical changes in the property since Oct. 1, 1989. The parties also stipulated that the real estate appraisers, John LoMonte and John F. DeLucco, are qualified expert witnesses. Their respetive [respective] appraisal reports were admitted into evidence, along with the assessor's office cards for the subject property.
Both appraisal reports were detailed and comprehensive, as was the testimony of the appraisers in court.
The brick three-story building is on the Northwest corner of Wethersfield Ave. and Goodrich St., and it consists of a total of twenty-four apartments; twelve with three rooms (1 bedroom), and twelve with four rooms (2 bedrooms). There are approximately seven or eight on site parking spaces plus eleven carports. The Plaintiff purchased the property on June 24, 1988 for $1,032,000.00.
The Plaintiff's appraiser, John LoMonte, testified that neighborhood property values experienced a very strong growth in value from the latter part of 1986 to approximately the first quarter of 1989. He also testified (Pl.'s Exhibit A, page 19) that the overall condition of the improvements was average to good, with functional obsolescence with regard to bathroom modernization, inadequate parking and lack of air conditioning.
Mr. LoMonte evaluated the property based on two approaches; the Direct Sales Comparison Approach and the Income Approach. CT Page 7793 For his direct sales comparison approach, he used five comparable sales in 1989, adjusting their selling price as appropriate up or down or not at all, based on uses, location, site size/parking, building size, age, financing, time of sale and zone. On the basis of his analysis of those sales, it was his opinion that the value of the subject property on Oct. 1, 1989, using this approach, was $864,000.00.
For the income approach, Mr. LoMonte utilized income figures based on rental income of the subject property, which was consistent with the results of his market rent survey, and expenses, both fixed and variable. He also determined a capitalization rate, which he divided into the net income, which resulted in a quotient, which is the estimated value of the property, according to the income approach, of $773,000.00.
Mr. LoMonte's conclusion was that in this case, more weight should be given to the income approach, because it better measures the fair market value of an income producing property such as the subject property. His reason for this conclusion was that investors would rely on cash flow each month and income producing capabilities. His final conclusion was that the fair market value of the property on Oct. 1, 1989 was $800,000.00.
The Defendant's appraiser, John F. DeLucco, used the Direct Sales Comparison Approach, the Cost Approach and the Income Approach. For the sales comparison approach, he used three comparable sales of land only (1986, 1988 and 1987), and three comparable apartment building sales (1 in 1983, 2 in 1989). He evaluated the land and buildings separately because the Assessor does likewise. In reaching his conclusions, Mr. DeLucco made appropriate adjustments in accordance with standard factors. His estimate of market value based on this approach, was land value $300,000. [,] and building value $700,000., a total of $1,000,000.00.
Using the cost approach, Mr. DeLucco estimated the value to be $1,040,000.
Using the income approach, Mr. DeLucco utilized market rental figures, expenses (projected and stabilized), and he developed an overall rate in order to capitalize the expected future benefits into a capital sum. His conclusion was that under the income approach, the property had an Oct. 1, 1989 value of $825,000. CT Page 7794
He testified that in 1989, the market was strong, the income approach was not important, and that it was quite common for people to pay more than the income approach would warrant. He also stated on direct examination that the market reached a peak in about June, 1989; that it was stable until the end of 1989, and has gone down steadily since, and that on Oct. 1, 1989, a seller would not have sold the subject property for less than $1,000,000.00.
During cross examination of Mr. DeLucco, he admitted that in comparable building sale 1, he made no adjustment for very favorable financing because he didn't think it needed it. He also stated on cross examination that as of Oct. 1, 1989, a buyer would be foolish if he or she did not look at both the income and the market approach. In spite of that testimony, Mr. DeLucco's final value estimate of the subject property as of Oct. 1, 1989 was $1,000,000, which corresponded to his estimate based on the market approach.
The Court finds that the Plaintiff bought this property on June 24, 1988 for $1,032,000.00; that similar property values increased sharply until approximately early 1989; after which they began a steady decline which was in progress on Oct. 1, 1989. The Court further finds that as of Oct. 1, 1989, both the comparable sales approach and the income approach should have been used in a final evaluation, although the comparable sales approach was entitled to be given more weight, because of the attitudes and philosophy pervading the market at that time.
It is the Court's conclusion that on Oct. 1, 1989, the subject property had a full fair market value of $875,000.00; therefore the Court orders that the Plaintiff's tax liability be adjusted in accordance with this decision and the stipulation entered into by the parties concerning the tax lists of Oct. 1, 1989 through Oct. 1, 1993.
No costs are awarded to either party.
Richard A. Walsh, J.